Peoples v. Philbin

C.P. of Lackawanna County, No. 2010-CV-6623

*Matthew Slocum*, for plaintiffs.

*Timothy E. Foley*, for defendants Dr. Joseph Philbin and Physicians Health Alliance.

*Patrick C. Carey* and *Brad 1. Williams*, for defendants Dr. Jamie S. Stallman, Dr. John P. Iannone, and Radiological Consultants, Inc.

MINORA, *J.*, Dec. 23, 2014—The issue before the court is whether granting a motion for a judgment on the pleadings, in favor of the moving defendants Jamie S. Stallman M.D., John P. Iannone M.D., and Radiological Consultants, Inc. should be granted. For the reasons that follow the motion is granted.

## PROCEDURAL AND FACTUAL HISTORY

This case arises out of alleged negligence, specifically the failure to timely detect or diagnose the presence of Hodgkins lymphoma, on the part of the defendants Joseph Philbin, M.D., Physicians Health Alliance, Jamie S. Stallman, M.D., John P. Iannone, M.D., and Radiological Consultants, Inc. Plaintiff alleges that she was seen by Dr. Philbin on August 2, 2006 as a new patient after experiencing a lump in her upper left chest with painful movement in her right chest. Initially, Dr. Philbin diagnosed the plaintiff with "...a mild anterior dislocation of the right rib at the CS Junction" and ordered a chest x-ray. On March 26, 2007, plaintiff underwent a chest x-ray at Advanced Imaging specialists that was read and interpreted by Jamie S. Stallman, M.D., one of the moving defendants who is employed by Radiological Consultants Inc. The finding and impression of Dr. Stallman was that of a "normal chest radiograph...". Plaintiff alleges that Dr. Philbin never followed up with the plaintiff to discuss the x-ray results or the need for follow up testing.

In the subsequent months, plaintiff alleges that the size and of the lump in her chest increased and the pain on the right chest became more symptomatic. Plaintiff again went to Dr. Philbin on January 31, 2008 complaining of "...a painful lump left upper chest that is spreading to right chest". Dr. Philbin allegedly did not check plaintiff's symptoms or conduct an examination. Dr. Philbin ordered an "ultrasound right chest palpable mass soft tissue vs. ribs." Plaintiff subsequently underwent an ultrasound,

as directed by Dr. Philbin, of the soft tissue mass on her chest at advanced imaging specialists on February 4, 2008 which was purportedly read and interpreted by John P. Iannone, M.D. Dr. Iannone's finding and impression was "no evidence of suspicious mass nor cyst in the region scanned." On September 29, 2008, plaintiff went to the Mercy Hospital emergency department after allegedly suffering from great abdominal pain. At this point in time, plaintiff was diagnosed with ovarian cysts and deemed to be significantly anemic.

On February 24, 2009, plaintiff fainted at work and went to the Community Medical Center emergency department. An examination revealed a " ...painful lump in the left side of the neck." Plaintiff was discharged and the findings of the examination were sent to Dr. Philbin.

On April 17, 2009, plaintiff was again allegedly seen in Dr. Philbin's office where she complained of weight loss, fatigue, abdominal pain, excessive thirst, night sweats and urinary frequency. Dr. Philbin called the plaintiff to inform her that she demonstrated severe anemia. Dr. Philbin directed the plaintiff to go to the Moses Taylor Hospital Emergency Department on April 18, 2009. A blood count study was done which lead to a possible diagnosis of Hodgkins lymphoma the following day. The sites examined by Dr. Philbin and the moving defendants were found to be cancerous.

## PROCEDURAL HISTORY

Plaintiff instituted this action by way of writ of

summons on September 16, 2010, naming Joseph Philbin M.D. and Physicians Health Alliance as defendants. Plaintiff then filed a complaint on November 18, 2011 against Dr. Philbin and Physicians Health Alliance alleging negligence. Plaintiff then filed a motion to amend her complaint on May 15, 2013, seeking leave of court to add the moving defendants listed below. This honorable court granted the plaintiff's motion to amend on May 15, 2013. Plaintiff filed an amended complaint the same day on May 15, 2013. moving defendants filed preliminary objections to plaintiffs amended complaint on July 15, 2013. On September 20, 2013, Judge Saxton overruled the moving defendants preliminary objections. Thereafter, Plaintiff filed a second amended complaint on September 20, 2013 removing claims for corporate negligence.

Plaintiff's second amended complaint alleges that Dr. Stallman allegedly misinterpreted an x-ray performed on March 26, 2007. Plaintiff further alleges that Dr. Iannone misinterpreted an ultrasound performed on February 5, 2008, which was a resulted in a delay in the diagnosis of the plaintiff's Hodgkins lymphoma. Moving defendants filed an answer and new matter on October 4, 2013. Plaintiff filed an answer to moving defendants' new matter on October 18, 2013. Moving defendants filed the instant motion for judgment on the pleadings on May 5, 2014. Defendants allege in their motion for judgment on the pleadings that: plaintiff did not file her claim with the two (2) year statute of limitations; plaintiff joined the defendants more than four years after her diagnosis; and

that the discovery rule is inapplicable to the present suit.

## LEGAL STANDARD

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. Ct. 2013). When considering a motion for judgment on the pleadings, the court must consider the pleadings and relevant documents, including preliminary objections, and must accept as true all well-pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the non-moving party. *Com., Office of Attorney General ex rel. Corbett v. Richmond Tp.*, 975 A.2d 607 (Cmwlth. 2009).

In Pennsylvania, a cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion. *Fine v. Checcio*, 582 Pa. 253, 266, 870 A.2d 850, 858 (2005). "[T]he statute of limitation begins to run as soon as the right to institute and maintain a suit arises." *Id.* "[I]n a suit to recover damages for personal injuries, this right arises when the injury is inflicted." *Id.* (citations omitted). Once a cause of action has accrued and the prescribed statutory period has run, an injured party

is barred from bringing his cause of action. *Id.* Statutes of limitations "are designed to effectuate three purposes: (1) preservation of evidence; (2) the right of potential defendants to repose; and (3) administrative efficiency and convenience." *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 275-76 (Pa. Super. Ct. 2005).

The following actions and proceedings must be commenced within two years:

> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another. 42 Pa.C.S.A. § 5524.

The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury. *Fine* at 266-67, 870 A.2d at 858. "[W]hen a court is presented with the assertion of the discovery rules application, it must address the ability of the damaged party, exercising reasonable diligence, to ascertain that he has been injured and by what cause." *Id.* at 267-68, 870 A.2d at 858-859. Since this question involves a factual determination as to whether a party was able, in the exercise of reasonable diligence, to know of his injury and its cause, ordinarily, a jury is to decide it. *Id.* (citations omitted). Where, however,

reasonable minds would not differ in finding that a party knew or should have known on the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law. *Id.*

When the discovery rule applies, the statute of limitations does not commence to run at the instant that the right to institute suit arises, i.e., when the injury occurs. *Id.* (citations omitted). Rather, the statute is tolled, and does not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct. *Whether the statute of limitations has run on a claim is a question of law for the trial court to determine*; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury. *Id.* at 268, 870 A.2d 859. (emphasis added).

## LEGAL ANALYSIS

Given the pleadings presented before us, this court finds that the plaintiff's amendment is seeking to add moving defendants to this case after the expiration of the statute of limitations and after the "discovery rule" opportunity. Both parties have indicated and agree that the date of the plaintiff's diagnosis of Hodgkins Lymphoma was in April of 2009. (*See* def's br. for mot. for j. on Pleadings at 5); (*See* pl's br. in opp'n to def's mot. for j. on Pleadings at 1). As such, we will discuss the date of diagnosis substantively. After the Hodgkins Lymphoma

diagnosis, plaintiff filed a writ of summons on September 16, 2010 and a complaint thereafter and November 18, 2011. Both pleadings named only defendants Dr. Philbin and Physicians Health Alliance. It was not until over two (2) years after the date of the initial filing, on May 15, 2013, that the plaintiff sought to amended her complaint to include the current moving defendants to this case after she conducted further investigations into her claims. There was no impediment, obvious to this court, which barred, blocked or obscured plaintiffs ability to conduct further investigations and inquiry into her claims in a more timely fashion once a proper diagnosis was communicated to her. Once the proper diagnostic information was known to plaintiff, reasonable diligence and/or reasonable inquiry by her would have resulted in timely knowledge of the existence of the new parties within the discovery rule.

Plaintiff's reliance on the court in *Ayers* in attempting to persuade this court that the discovery rule should apply to toll the statute of limitations appears misapplied, misguided, and futile. *Ayers* is distinguishable. In *Ayers*, the plaintiff underwent an operation and suffered pain in his abdomen for several years after the completion of the surgery. Subsequent testing showed that a sponge had been left in his abdomen as a result of the negligence of the doctors who performed the operation nine (9) years earlier. The court held that the discovery rule will toll the statute of limitations until the existence of an injury can be reasonably ascertained or discovered, *or becomes knowable or discoverable by the exercise of reasonable*

*diligence. Ayers*, 397 A.2d at 288 (emphasis added). Examining the holding in *Ayers*, upon which the plaintiff so significantly relies, we are left to conclude that the plaintiff's injury and cause of action against the moving defendants could and should have become knowable or discoverable with the exercise of reasonable diligence at least after proper diagnosis was conveyed to her. The same diligence plaintiff used in filing a claim against the originally named defendants also needed to be exercised in joining the additional defendants.

Plaintiff knew of her illness and became well aware of the possible negligence associated with her illness on the date of diagnosis or alternatively on the date of her initial filing of the writ of summons against Dr. Philbin and Physicians Health Alliance. This point is further illustrated by way of her alleging negligence against her treating doctor, Dr. Philbin and his medical association, Physicians Health Alliance in her original complaint filed on November 18, 2011.

Plaintiff's assertions that she could not have reasonably known or discovered the abnormal findings earlier in time are unimpressive. The simple fact that a complaint was filed against the initial defendants is proof that the plaintiff knew of some reason that a lawsuit should be initiated regarding the care and treatment of the alleged illness. At this point in time, the plaintiff was under a duty to exercise all reasonable care and diligence available to her in pursuing her claim against any and all other defendants. The plaintiff failed to exercise due diligence in pleading

claims against every party that could have been culpable or had a hand in the cause of the negligence. In the time between the plaintiff's diagnosis of the illness and her filing the complaint, which was over a year and a half, the plaintiff could have and should have explored all possible avenues regarding what parties she may join in her lawsuit. Plaintiff was readily able to examine the opinions and diagnoses made by Dr. Stallman and Dr. Iannone during that time period, in the same way she was able to examine and scrutinize those of Dr. Philbin. Plaintiff's failure to examine any cause of action against our moving defendants until after the entry of appearance of current counsel should not prejudice our moving defendants.

As stated earlier, the discovery rule merely tolls the statute of limitations until such time as an injury is known or should have been known by the injured party. Plaintiff knew of her diagnosis in April of 2009 and filed writ of summons in September of 2010 and thereafter, a complaint alleging negligence in November of 2011. Further, plaintiff filed her amended complaint against the additional defendants on May 15, 2013, over four years after she was informed of her diagnosis. Therefore, the discovery rule, as stated in the *Avers* decision is inapplicable to the case at bar. As such, it will not allow the statute of limitations to toll, and thus will bar plaintiff's claim against the moving defendants.

## CONCLUSION

Therefore, the moving defendant's motion for a

judgment on the pleadings is granted, as the plaintiff is seeking to bring in additional parties after the statute of limitation for that cause of action has expired.

## ORDER

Accordingly, this 23rd day of December, 2014 it is hereby ordered that the moving defendants motion for a judgment on the pleadings is granted, and Jamie S. Stallman, M.D., John P. Iannone, M.D., and radiological consultants, Inc. are dismissed from this case and stricken from the caption.